**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-cv-683-RJC**

| | | |
|---|---|---|
| **FREDERICK CANADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **LAWSON PARSON,** | ) | |
| **DAVID AARON, FNU** | ) | |
| **CLAWSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. §§ 1915(e), 1915A. The Court has examined the complaint and the record in this matter and it appears that Plaintiff has not exhausted his administrative remedies.[1]

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies <u>prior</u> to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In <u>Porter v. Nussle</u>, 534 U.S. 526 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and found that "exhaustion in cases covered by § 1997e(a) is now mandatory. <u>Id.</u> at 524 (citation omitted). The <u>Porter</u> Court

---

[1] The Court notes that Plaintiff has filed at least nine civil suits in this district and is therefore aware of the requirement of exhausting administrative remedies. <u>See, e.g.</u>, Case No. 3:10-cv-643-RJC, Doc. No. 2: Order (dismissing without prejudice for failure to exhaust administrative remedies).

went on to stress that the exhaustion requirement must be met before commencement of the suit. Id.

In the present case, Plaintiff provides documentation that he participated in two steps of the three steps in the Administrative Remedy Procedure ("ARP") administered by the Division of Adult Correction of the Department of Public Safety ("DPS"). See N.C. Gen. Stat. § 118.1-118.9 (Article 11A). Plaintiff's Step One grievance was denied after the examiner found that the allegations in Plaintiff's grievance were "found to be untrue. You're pending a disciplinary for this false claim against Mr. Aaron." (Doc. No. 3). In the response to Plaintiff's Step Two grievance no further action was recommended by the examiner after he found that the response in Step One adequately addressed Plaintiff's complaint. (Id.). After he filed the copies of the results of his Step One and Two grievances, Plaintiff filed a document under penalty of perjury stating that he had exhausted his administrative remedies and that he had attached copies of his grievances demonstrating completion of the ARP. (Doc. No. 5). However, Plaintiff has failed to demonstrate that he has, in fact, exhausted his administrative remedies. First, there are no grievances submitted to the Court with regard to any of the three steps. Second there is no indication that Plaintiff has participated in Step Three of the ARP which provides that if a prisoner is not satisfied with the response in Step Two then he must appeal that decision to the Inmate Resolution Board.

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset

whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 844 F. Supp. 2d 723, 742 (S.D. W.Va. 2009). As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In the present case, the Court finds that it is plain from Plaintiff's complaint and the record before this Court that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies although he has actual knowledge that he must do so prior to the filing of a § 1983 lawsuit. Because exhaustion of administrative remedies is mandatory prior to the filing of a § 1983 action, and Plaintiff has had an adequate opportunity to bring his lawsuit into conformity with the requirements of the PLRA, the Court will dismiss Plaintiff's complaint without prejudice.

## III.     CONCLUSION

For the reasons state herein, Plaintiff's complaint will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies. (Doc. No. 1).

2.      Plaintiff's motion for preliminary injunction and/or temporary restraining order is **DISMISSED** as moot. (Doc. No. 6).

The Clerk of Court is directed to close this case.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge

3